■ In the Matter of FRANCINE ENGLISH, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [610 NYS2d 67] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award of the Tripartite Arbitration Board, dated May 18, 1991, which sustained a decision of a Hearing Officer finding that the petitioner had violated certain rules of the New York City Transit Authority and dismissed her from her position as a bus driver, the petitioner appeals from a judgment of the Supreme Court, Kings County (Jackson, J.), entered May 26, 1992, which confirmed the award and dismissed the petition. The petitioner's notice of appeal from an order of the same court, dated November 27, 1991, is deemed a premature notice of appeal from the judgment entered May 26, 1992 (see, CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The resolution of a dispute properly submitted to arbitration will not readily be disturbed by the courts (see, *Maross Constr. v Central N. Y. Regional Transp. Auth.,* 66 NY2d 341, 346). All questions of fact and law are decided by the arbitrator, and the arbitrator's determination is conclusive, unless some violation of CPLR 7511 can be established (see, *Matter of Sprinzen [Nomberg],* 46 NY2d 623, 629; *Binghamton Civ. Serv. Forum v City of Binghamton,* 44 NY2d 23; CPLR 7511).

The petitioner bus driver was dismissed from her position on the basis of a verbal and physical altercation with a passenger. At the arbitration proceeding, the petitioner maintained that the incident never occurred. She attempted to present evidence that, in fact, she was dismissed in retaliation for sexual harassment complaints she made against her supervisor, but the arbitrator prevented her from doing so. Contrary to the petitioner's contention, the preclusion of such evidence did not constitute "misconduct" (see, CPLR 7511 [b] [1] [i]; *Matter of Professional Staff Congress/City Univ. v Board of Higher Educ.,* 39 NY2d 319). In light of the overwhelming evidence that the altercation between the petitioner and the

complainant passenger did indeed occur, evidence of prior complaints of sexual harassment by the petitioner was irrelevant.

We have reviewed the petitioner's remaining contentions and find them to be without merit. Sullivan, J. P., Miller, Joy and Friedmann, JJ., concur.